Margaret Rosenthal, SBN 147501
Sabrina L. Shadi, SBN 205405
Jeffrey C. Bils, SBN 301629
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Emails: mrosenthal@bakerlaw.com
sshadi@bakerlaw.com
jbils@bakerlaw.com

Attorneys for Defendants
SYSCO CORPORATION and
SYSCO CENTRAL CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARTIN, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC.; and DOES 1-100,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Party with Financial Interest; and Request for Judicial Notice]<br><br>Action Filed: June 7, 2016 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Sysco Corporation and Sysco Central California, Inc. (collectively, "Defendants") remove the action filed by John Martin ("Plaintiff") in the Superior Court of the State of California, in and for the County of Stanislaus, and captioned Case No. 9000052, to the United States District Court for the Eastern District of California.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, in that it satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3. On June 7, 2016, Plaintiff, purportedly on behalf of himself, all others similarly situated, and on behalf of the general public, filed a Class Action Complaint against Defendants in the Superior Court of the State of California, in and for the County of Stanislaus, Case No. 9000052 (the "State Court Action"). Plaintiff filed the complaint as a putative class action.

4. On June 10, 2016, Defendants were served with a copy of the Summons and Complaint.

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendants filed this removal within 30 days of their receipt of a copy of the Summons and Complaint in the State Court Action.

6. Exhibit A constitutes all process, pleadings, and orders served on Defendants in the State Court Action.

7. Defendants filed an Answer in the State Court Action on July 11, 2016. A true and correct copy of the Answer is attached as Exhibit B.

## CAFA JURISDICTION

8. <u>Basis of Original Jurisdiction.</u> This Court has original jurisdiction of this action under CAFA. Section 1332(d)(2) and (4) provide that a district court

shall have original jurisdiction of a class action with 100 or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000. Section 1332(d)(2) further requires that any member of the putative class must be a citizen of a state different from any defendant.

9. <u>Plaintiff's Citizenship</u>. As alleged in the complaint, Plaintiff is a resident of California. (Complaint ¶ 28). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

10. <u>Sysco Corporation's Citizenship</u>. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's nerve center should "normally be the place where the corporation maintains its headquarters." *Id.* "The public often (though not always) considers it the corporation's main place of business." *Id.* at 1193.

11. Sysco Corporation is incorporated in the State of Delaware.

12. Pursuant to the *Hertz* nerve center test, Sysco Corporation has its principal place of business in Houston, Texas. Specifically, its headquarters are located in Houston, Texas.

13. <u>Doe Defendants</u>. Although Plaintiff has also named fictitious defendants "Does 1 through 100," 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

14. <u>Minimal Diversity</u>. Minimal diversity of citizenship is established, pursuant to CAFA, inasmuch as Plaintiff (who is a member of the putative class) is a citizen of the State of California, and Sysco Corporation (one of the defendants) is a citizen of Delaware and Texas.

15. <u>Size of the Class</u>. Plaintiff asserted the State Court Action as a class action. While Plaintiff does not allege a specific class size, the relevant period for various claims made by Plaintiff is four years prior to the filing of the State Court Action. Sysco Central California, Inc. employed at least 100 individuals as current and former employees who are/were classified as non-exempt drivers during the four-year period preceding the Complaint (the putative class definition provided in the Complaint). As such, CAFA's requirement of 100 or more class members is satisfied.

**AMOUNT IN CONTROVERSY UNDER CAFA**

16. Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

17. This action involves Plaintiff's alleged claims against Defendants for: failure to pay all straight time wages, failure to pay overtime, failure to provide meal periods, failure to authorize and permit rest periods, knowing and intentional failure to comply with itemized employee wage statement provisions, failure to pay all wages due at the time of termination of employment in violation of the Labor Code, failure to reimburse/illegal deductions, and unfair competition. Plaintiff's prayer for relief seeks an award of compensatory damages, economic/special damages, compensation for all time worked, not being provided paid meal or rest breaks, compensation for failure to reimburse and/or indemnify, monies for failure to comply with wage statement provisions, waiting time penalties, restitution to the class, prejudgment interest on all damages awarded, attorneys' fees and costs,

injunctive relief, and such other and further relief as the Court deems prudent. (See Complaint, prayer for relief.) Plaintiff seeks various subclasses for each claim, each on behalf of individuals who are currently or were formerly employed as drivers during the relevant statute of limitations on each claim.

18. <u>Amount in Controversy</u>. Without conceding that Plaintiff or the purported class members are entitled to damages or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, exceeds $5,000,000, exclusive of interest and costs.

    a. <u>Variables</u>.

- During the period of June 7, 2012 to the present, applicable to Plaintiff's meal and rest period, unpaid wage and reimbursement claims, Sysco Central California, Inc. employed at least 100 non-exempt employees as truck drivers. The average rate of pay among this group of employees is at least $20 per hour during this period. This period consists of approximately 16,000 total workweeks for this group of employees.

- During the period of June 7, 2013 to the present, applicable to Plaintiff's waiting time penalties claim, approximately 11 putative class members separated from employment with Sysco Central California, Inc. The average final rate of pay among this group of former employees is at least $20 per hour during this period.

- During the period of June 7, 2015 to the present, applicable to Plaintiff's wage statement claim, Sysco Central California, Inc. employed approximately 89 non-exempt employees as truck drivers.

    b. <u>Claim #1: Failure to Pay All Straight Time Wages</u>. Plaintiff alleges that Defendants "have had a continuous policy of not paying Plaintiffs (*sic*) and those similarly situated for all hours worked. Specifically, Defendants and/or DOES have a continuous and consistent policy of

clocking-out Plaintiff and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and all members of the Class work through their meal periods." (Complaint ¶¶ 86-87.) Although Defendants deny all liability, assuming conservatively, for purposes of this analysis only, that Defendants illegally deducted 30 minutes from each of the putative class members four (4) days per week, the amount in controversy for this claim would be approximately **$640,000** (calculated as: $20 per hour x 0.5 hours of time per day x 4 occurrences per week x 16,000 workweeks in the four-year relevant period).

  c. <u>Claim #2: Failure to Pay Overtime</u>. Plaintiff alleges that Defendants failed to pay overtime to him and the putative class members when working over 8 hours per day and over 40 hours per week. (Complaint ¶ 100.) Although Defendants deny all liability, assuming conservatively, for purposes of this analysis only, that each putative class member was not paid for two hours of overtime each week of his or her employment, at a rate of one and one-half times an employee's regular rate, the amount in controversy for this claim would be approximately **$960,000** (calculated as: $20 per hour x 1.5 overtime rate x 2 hours overtime per week x 16,000 workweeks in the four-year relevant period).

  d. <u>Claim #3: Failure to Provide Meal Periods</u>. Plaintiff alleges that Defendants "had a continuous policy of not paying Plaintiffs (*sic*) and those similarly situated for all hours worked. Specifically, Defendants and/or DOES have a continuous and consistent policy of clocking-out Plaintiff and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and all members of the Class work through their meal periods." (Complaint ¶¶ 86-87.) Plaintiff also

alleges that Defendants failed to provide 30 minute, uninterrupted meal periods to himself and the putative class members who worked for periods of more than five consecutive hours, and failed to provide an additional 30 minute uninterrupted meal period on days where they worked in excess of 10 hours. (*Id.* ¶ 113-124.) Although Defendants deny all liability, assuming conservatively, for purposes of this analysis only, that each putative class member working in California at any given time during the relevant period was deprived of a meal period four (4) days per week, the amount in controversy for this claim would be approximately **$1,280,000** (calculated as: $20 per hour x 1 hour of regular compensation as a penalty for each non-compliant meal period x 4 violations per week x 16,000 workweeks in the four-year relevant period).

 e. <u>Claim #4: Failure to Authorize and Permit Rest Periods</u>. Plaintiff further alleges that Defendants failed to authorize and permit him, and the putative class members, to take 10 minute rest periods every four hours worked, or major fraction thereof. (*Id.* ¶ 129-139.) Although Defendants deny all liability, assuming conservatively, for purposes of this analysis only, that each putative class member working in California at any given time during the relevant period was deprived of a rest period four (4) days per week, the amount in controversy for this claim would be approximately **$1,280,000** (calculated as: $20 per hour x 1 hour of regular compensation as a penalty for each non-compliant rest period x 4 violations per week x 16,000 workweeks in the four-year relevant period).

 f. <u>Claim #5: Wage Statement Claim</u>. Plaintiff alleges that Defendants failed to provide putative class members with complete and accurate wage statements under Labor Code Section 226(a). (Complaint ¶¶

7
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

144-146.)  Labor Code 226(a) provides a maximum aggregate penalty of $4,000 per affected employee.  Where a statutory maximum is specified, "courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Thus, based on Plaintiff's allegations, the amount in controversy for this claim would be approximately **$356,000** (calculated as: 89 employees working at any given time during the one-year relevant period x $4,000).

    g.    <u>Claim #6: Waiting Time Penalties</u>.  Plaintiff alleges that Defendants willfully failed to pay putative class members all straight time and overtime wages due, meal period premiums, and/or rest period premiums at the time of the employee's separation of employment.  (Complaint ¶¶ 151-155.)  California Labor Code Section 203 provides that a former employee shall receive regular daily wages for each day they were not paid, at their hourly rate, for up to thirty days.  Approximately 11 members of the proposed class separated from employment during the three-year statutory period.  Using the average final rate of pay of $10 per hour for these employees, and conservatively assuming that the class members work only 8 hours per day, the amount in controversy for this claim would be approximately **$52,800** (11 employees x 8 hours x 30 days x $20).

    h.    <u>Claim #7: Failure to Reimburse/Illegal Deductions</u>.  Plaintiff alleges that Defendants "have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs (*sic*) and the Class members for expenses for company and/or business related purposes" as well as a policy and/or practice of illegally deducting wages, earned bonuses, and/or incentives from employees.  (Complaint ¶¶ 161-165.)

Although Defendants deny all liability, assuming conservatively for purposes of this analysis only that 89 individuals incurred expenses for which Defendant owes them reimbursement in the amount of $120 per month for every month during the past four years, the amount in controversy is approximately **$512,640** (89 x $120 x 12 months x 4 years).

19. Total Amount in Controversy. Based on the claims described above, the class-wide liability exposure is, conservatively estimated, at least **$5,081,440**. "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014).

20. The amount exceeds the $5 million CAFA minimum before ever taking into account attorneys' fees, which as discussed below must be taken into account and adds even more to the total amount in controversy.

## ATTORNEYS' FEES

21. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002). Plaintiff has sought attorneys' fees in the Complaint which are permitted by Cal. Labor Code §§ 218.5 and 1194 for all the Labor Code violations alleged in the Complaint. They should therefore be included in analyzing the amount in controversy.

22. In the Ninth Circuit, the "benchmark" for attorneys' fees is a "lodestar calculation" which "begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate." *Hanlon v. Chrysler Corp.*, 150

F.3d 1011, 1029 (9th Cir. 1998).

23. In a similar employment case alleging California class action wage and hour claims on behalf of a driver, *Javier Zamora v. Ryder Logistics Integrated, Inc.*, Case No. 13-cv-02679-CAB-BGS (S.D. Cal.), counsel at the firm representing Plaintiff (the Turley Law Firm) filed a declaration on November 26, 2014, in support of a final approval of class action settlement. The declaration stated the hourly rates, at that time, for attorney William Turley was $750.00 and attorney David Mara was $525.00. (See Exhibit A to Defendants' Request for Judicial Notice, at pp. 28-29.) In that case, counsel expended 505 hours, and after applying a modest 1.18 lodestar multiplier, sought fees in the amount of $375,000.00. (*Id.*)

24. Any addition of attorneys' fees would be over and above the amount calculated for alleged damages as analyzed above, and would further increase the amount in controversy beyond the required $5,000,000 threshold for CAFA jurisdiction.

25. Accordingly, diversity, class size, and amount in controversy under CAFA are satisfied for jurisdiction under 28 U.S.C. §§ 1141 and 1446. Therefore, Defendants have properly removed the State Court Action to this Court.

26. As required by 28 U.S.C. §1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Stanislaus.

Dated: July 11, 2016         BAKER & HOSTETLER LLP

                             By:  */s/ Jeffrey C. Bils*
                                  MARGARET ROSENTHAL
                                  SABRINA L. SHADI
                                  JEFFREY C. BILS

                             Attorneys for Defendants SYSCO
                             CORPORATION and SYSCO CENTRAL
                             CALIFORNIA, INC.

# PROOF OF SERVICE

I, S. Suzuki, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On July 11, 2016, I served a copy of the within document(s): **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by electronic mail by the U.S. District Court CM/ECF – Live System to the email address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a [service company] agent for delivery.

William Turley
David Mara
Jill Vecchi
**THE TURLEY LAW FIRM, APLC**
7428 Trade Street
San Diego, CA 92121
(619) 234-2833
(619) 234-4048
bturley@turleylawfirm.com;
dmara@turleylawfirm.com
jvecchi@turleylawfirm.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on July 11, 2016, at Los Angeles, California.

_____
S. Suzuki

609107807.2