1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  Jill Vecchi, Esq. (299333)
   THE TURLEY LAW FIRM, APLC
3  7428 Trade Street
   San Diego, California 92121
4  Telephone: (619) 234-2833
   Facsimile: (619) 234-4048
5
6  Attorneys for JOHN MARTIN,
   on behalf of himself, all others similarly situated,
7  and on behalf of the general public.

ELECTRONICALLY FILED
Superior Court of California
County of Stanislaus
2016-Jun-07  11:56:24
CLERK OF THE COURT
9000052
This case has been assigned to
Judge ROGER M BEAUCHESNE
Department 24,
for all purposes including trial
Filing Fees: $1,435.00
By: Laura Uribe

8
## SUPERIOR COURT OF THE STATE OF CALIFORNIA
9  ## IN AND FOR THE COUNTY OF STANISLAUS

10
11 JOHN MARTIN on behalf of himself, all
   others similarly situated, and on behalf of
12 the general public.

   Plaintiffs,
13
   v.
14

15 SYSCO CORPORATION; SYSCO
   CENTRAL CALIFORNIA, INC.; and
16 DOES 1-100.

17 Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No. **9000052**

**PLAINTIFF'S CLASS ACTION
COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, DECLARATORY
RELIEF, AND RESTITUTION**

1) **Failure to Pay All Straight Time Wages;**
2) **Failure to Pay Overtime;**
3) **Failure to Provide Meal Periods (Lab.
   Code §§ 226.7, 512, IWC Wage Order
   Nos. 9-1998, 9-2000, 9-2001(11); Cal.
   Code Regs., tit. 8 § 11090);**
4) **Failure to Authorize and Permit Rest
   Periods (Lab. Code § 226.7; IWC Wage
   Order Nos. 9-1998, 9-2000, 9-2001(12);
   Cal. Code Regs. Title 8 § 11090);**
5) **Knowing and Intentional Failure to
   Comply with Itemized Employee Wage
   Statement Provisions (Lab. Code §§
   226, 1174, 1175);**
6) **Failure to Pay All Wages Due at the
   Time of Termination of Employment
   (Lab. Code §§201-203);**
7) **Failure to Reimburse/Illegal Deductions
   (Lab. Code §§ 221, 2802, Cal. Regs., tit.
   8, § 11090(8));**
8) **Violation of Unfair Competition Law
   (Bus. & Prof. Code § 17200, et seq.).**

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT                              1

Plaintiff JOHN MARTIN, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendants and/or DOES and for causes of action and alleges:

1. This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, JOHN MARTIN, and all non-exempt, hourly truck workers, truck drivers, drivers, or similar job designations who are presently or formerly employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES and/or its subsidiaries or affiliated companies and/or predecessors and/or DOES, within the State of California.

2. At all times mentioned herein, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites. At all times during the liability period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have conducted business in Stanislaus County and elsewhere within California.

3. At all times mentioned herein, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees with job titles including, truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, and/or industrial workers (hereinafter "Non-Exempt Employees").

4. At all times mentioned herein, the common policies and practices of SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5. For at least four years prior to the filing of this action and through to the present, Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-

Exempt Employees for all of the hours they worked. Specifically, Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods (referred to as "auto-meal deduct"), even though Plaintiff and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

6. For at least four years prior to the filing of this action and through to the present, Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the *California Labor Code* and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

7. For at least four years prior to the filing of this action and through to the present, Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

8. For at least four years prior to filing of this action and through the present, Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

9. For at least four years prior to the filing of this action and through to the present,

Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

10. For at least four years prior to the filing of this action and through to the present, Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

11. For at least four years prior to filing this action and through to the present, Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have had a uniform practice and/or policy or failing to reimburse and/or indemnify employees, including Plaintiff and members of the proposed Class, for expenses in direct consequence of the discharge of their work duties and/or as a direct consequence of the employees' obedience to the directions of SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES.

12. For at least four years prior to the filing of this action and through to the present, Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

13. For at least four years prior to the filing of this action and through to the present, Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendants SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employ or who were terminated.

14. For at least four years prior to the filing of this action and through to the present, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

15. SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' business is staffed, *inter alia*, by hourly employees that are truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or any similar hourly job designation or title, employed by Defendants in Stanislaus County and throughout the State of California.

16. Throughout the statutory period, Plaintiff and similarly situated Non-Exempt Employees were employed by Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES as industrial truck workers, industrial vehicle workers, and/or industrial workers and/or other hourly employees with similar job titles or designations.

17. Throughout the statutory period, SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the *California Labor Code*, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

18. Throughout the statutory period, SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

19. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

20. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

21. SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' duty owed to Plaintiff and the proposed class.

22. Throughout the statutory period, SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

23. Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES are and were aware that Plaintiff and members of the proposed Plaintiff Class were not paid all straight time and overtime wages owed, nor provided meal and rest

1      periods. Defendants' and/or DOES' denial of wages and other compensation due to
2      Plaintiff and members of the proposed Plaintiff class was willful and deliberate.

3   24.   Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or
4      DOES each and collectively controlled the wages, hours, and working conditions of
5      Plaintiff and the Class he seeks to represent, creating a joint-employer relationship over
6      Plaintiff and the Class he seeks to represent.

7   25.   Plaintiff JOHN MARTIN, on behalf of himself and all of SYSCO CORPORATION's;
8      SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' Non-Exempt Employees,
9      brings this action pursuant to *California Labor Code* sections 226, subd. (b), 226.7, 510,
10     512, 558, 1194, 2802, and California Code of Regulations, Title 8, section 11090, seeking
11     unpaid wages, overtime, unpaid reimbursement for business expenses, meal and rest
12     period compensation, penalties, injunctive and other equitable relief, and reasonable
13     attorneys' fees and costs.
14

15  26.   Plaintiff JOHN MARTIN, on behalf of himself and all putative Class Members of
16     SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES'
17     non-exempt employees, pursuant to *California Business and Professions Code* sections
18     17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits
19     SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES
20     enjoyed from their failure to pay all straight time wages, overtime wages, and meal and
21     rest period compensation.

22        **I.   VENUE**

23  27.   Venue as to each Defendant, SYSCO CORPORATION; SYSCO CENTRAL
24     CALIFORNIA, INC. and/or DOES, is proper in this judicial district, pursuant to Code of
25     Civil Procedure section 395. Defendants SYSCO CORPORATION; SYSCO CENTRAL
26     CALIFORNIA, INC. and/or DOES conduct business and commit Labor Code violations
27     within Stanislaus County, and each Defendant and/or DOE is within California for
28     service of process purposes. The unlawful acts alleged herein have a direct effect on

Plaintiff and those similarly situated within the State of California and within Stanislaus County. Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES employ numerous Class Members who work in Stanislaus County, in California.

## II.   PARTIES

### A.   Plaintiffs.

28.   At all relevant times herein, Plaintiff JOHN MARTIN is and was a resident of California. At all relevant times herein, he was employed by Defendants SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES within the last four years as a non-exempt truck worker, industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker and/or any similar job designation at SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in California. Throughout his employment with SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES, JOHN MARTIN was employed as a non-exempt truck worker, industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker, and/or any similar job designation.

29.   On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' common company policies of failing to pay all straight time and overtime wages owed.

30.   On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' common company policies of illegally deducting wages from employees.

31.   On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' common policies and/or practices of failing to pay

all straight time and overtime wages owed, auto-meal deduct, and providing no meal periods to employees working at least five (5) hours or any additional meal periods for working in excess of ten (10) hours, or compensation in lieu thereof.

32. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fraction thereof.

33. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendants' and/or DOES' failure to provide to their Non-Exempt Employees, including Plaintiff, with accurate itemized wage statements was willful.

34. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, Defendants' and/or DOES' failure to pay Non-Exempt Employees, including Plaintiff, in a timely manner, compensation owed to them upon termination of their employment with SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES was willful.

35. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

36. Plaintiff and the proposed class he seeks to represent are covered by, inter alia, California

1    IWC Occupational Wage Order Nos. 9-1998, 9-2000, and 9-2001, and Title 8, California

2    Code of Regulations, §11090.

3  **B.   Defendants.**

4  37.   SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES own

5    and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites, and,

6    at all times during the liability period, have conducted business in Stanislaus County and

7    elsewhere within California. At these work sites and throughout California, Defendants

8    SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES

9    have, among other things, employed persons as truck workers, industrial truck workers,

10    industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar

11    job designations.

12  38.   SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES'

13    employed Plaintiff and members of the proposed Class throughout the statutory liability

14    period as non-exempt truck workers, industrial truck workers, industrial truck drivers,

15    industrial vehicle drivers, industrial workers, and/or other similar job designations. On

16    information and belief, SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA,

17    INC.'s and/or DOES' employed Plaintiff and members of the proposed Class on an

18    hourly basis within California. On information and belief, SYSCO CORPORATION;

19    SYSCO CENTRAL CALIFORNIA, INC. and/or DOES exercised control over the

20    wages, hours, and/or working conditions of Plaintiff and members of the proposed class.

21  39.   SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES'

22    principal place of business is in the State of California. SYSCO CORPORATION;

23    SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have numerous office and/or

24    contacts in the State of California. California is the nerve center of SYSCO

25    CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES operations.

26  40.   The true names and capacities, whether individual, corporate, associate, or otherwise, of

27    Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore

sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

41.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

## III.   CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action on behalf of themselves and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California as hourly, Non-Exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations.

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

> All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles

during the period of the relevant statute of limitations, who worked one or more shifts in excess of 5 hours.

All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours.

All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 12 hours.

1

2

3

4

5

6

7

8

9

All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 3 hour and one-half hours, but less than or equal to 6 hours.

10

11

12

13

14

15

16

17

18

All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours, but less than or equal to 10 hours.

19

20

21

22

23

24

25

26

All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

27

28

All persons who are or have been employed by SYSCO

CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who separated their employment from Defendant.

All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who were subject to auto-deduct, when they were not relieved of all duties.

All persons who are or have been employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES in the State of California as truck workers, industrial

truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who were not reimbursed and/or indemnified for expenses in direct consequence of the discharge of their work duties.

43. Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

44. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A. **Numerosity**.

45. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES currently employ, and during the liability period employed, over fifty employees, all in the State of California, in positions as SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' non-exempt employees that are truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles in Stanislaus County and dispersed throughout California during the liability period and who are or have been affected by SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' policies of wage theft, failure to pay all straight and overtime wages owed, failure to provide meal and/or rest periods without the appropriate legal compensation, willful failure to pay all wages due at time of separation from employment, failure to

1  timely pay waiting time monies, and knowing and intentional failure to provide accurate

2  and itemized employee wage statements.

3  46.     Accounting for employee turnover during the relevant periods increases this number

4  substantially. Upon information and belief, Plaintiff alleges SYSCO CORPORATION's;

5  SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employment records would

6  provide information as to the number and location of all Class Members. Joinder of all

7  members of the proposed Class is not practicable.

8  **B.     Commonality.**

9  47.     There are questions of law and fact common to the Class that predominate over any

10  questions affecting only individual Class Members. These common questions of law and

11  fact include, without limitation:

12

13          (1)     Whether SYSCO CORPORATION; SYSCO CENTRAL

14                  CALIFORNIA, INC. and/or DOES violated the *Labor Code* and/or

15                  applicable IWC Wage Orders in failing to pay employees all earned wages

16                  at the regular rate for all hours worked.

17          (2)     Whether SYSCO CORPORATION's; SYSCO CENTRAL

18                  CALIFORNIA, INC.'s and/or DOES' violated the *Labor Code* and/or

19                  applicable IWC Wage Orders in automatically deducting thirty (30)

20                  minutes from its Non-Exempt Employees for each day worked –

21                  regardless of whether the Non-Exempt Employees were relieved of all

22                  duties for thirty (30) minutes.

23          (3)     Whether SYSCO CORPORATION; SYSCO CENTRAL

24                  CALIFORNIA, INC. and/or DOES violated *Labor Code* section 226.7,

25                  IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and

26                  California Code of Regulations, Title 8, section 11090, by failing to

27                  authorize, permit, and/or provide rest periods to employees for every four

28                  (4) hours or major fraction thereof worked and/or failing to pay said

employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES violated *Labor Code* sections 226, 1174, 1175 and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)(c) by knowingly, intentionally, and willfully failing to, among other things, accurately report compensation owed for rest period violations.

(5)     Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employ or who were terminated.

(6)     Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES violated *Labor Code* section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employ or who were terminated.

(7)     Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES violated section 17200, et seq. of the *California Business and Professions Code* by failing to pay all straight and overtime wages owed, failing to provide rest periods without compensating proposed Class Members one (1) hour's pay for every day such periods were not provided, failing to pay all wages due upon termination of employment, and failing to keep accurate records of Class Members' compensation owed.

(8) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices of failing to pay employees all earned wages at the regular rate for all hours worked.

(9) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices of automatically deducting thirty (30) minutes from its Non-Exempt Employees for each day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes.

(10) Whether SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policy of automatically deduction thirty (30) minutes from its Non-Exempt Employees for each day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes – violated the *Labor Code* and Wage Orders.

(11) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices of failing to authorize, permit, and/or provide rest periods to employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(12) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(13) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices

of failing to timely pay all wages owed to employees who left SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employ or who were terminated.

(14) Whether SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies violate Wage Order No. 9-2001 and *Labor Code* section 226.7.

(15) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES wrongly converted Plaintiff's and proposed Class members' wages and/or monies to their own use.

(16) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES fraudulently represented to Plaintiff and members of the proposed Class that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

(17) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and members of the proposed Class wages they are owed.

(18) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES violated *Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders and California Code of Regulations, Title 8, section 11090, by not relieving Non-Exempt Employees from all duties during a 30-minute meal period and not counting the time as time worked.

(19) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES violated Cal. Code Regs. tit. 8, §

11090, subds. 11(B) by not providing second meal periods to Plaintiff and members of the proposed Class.

(20) Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES violated *Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

(21) Whether SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES not providing meal and rest breaks, in that said policies pressured its Non-Exempt Employees to complete their routes and/or assigned tasks within rigorous time frames and not take meal and rest breaks and/or not legally provide meal periods.

(22) Whether SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES pressuring its Non-Exempt Employees to complete their routes and/or tasks within the rigorous time frames and not take meal breaks.

(23) Whether SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies of establishing and

scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES discouraging its Non-Exempt Employees from taking meal periods.

(24) Whether SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES impeding its Non-Exempt Employees from taking meal periods.

(25) Whether SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES pressuring its Non-Exempt Employees to forego taking meal periods.

(26) Whether SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' had a pattern and practice of pressuring its Non-Exempt Employees to complete routes and/or assigned tasks within time frames that made it impractical for Non-Exempt Employees to be relieved of all duties for thirty (30) minute meal periods and/or ten (10) minute rest breaks.

(27) Whether the inexistence of a policy allowing a second meal period in shifts of over five (5) hours resulted in SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES Non-Exempt Employees not being provided a second meal period in accordance with the *Labor Code* and Wage Orders.

(28)   Whether the inexistence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' Non-Exempt Employees not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the *Labor Code* and Wage Orders.

(29)   Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had a uniform policy of failing to pay Non-Exempt Employees for all straight and overtime wages owed.

(30)   Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES violated *Labor Code* sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

(31)   Whether SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices of failing to reimburse or indemnify employees for business expenses incurred as a consequence of the discharge of their work duties.

48.   The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

49.   Each of said respective work practices and/or policies were uniform throughout all of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' California locations during the class period.

50.   Said common questions predominate over any individualized issues and/or questions affecting only individual members.

C.   **Typicality**.

51.   The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising

out of and caused by SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

52. Plaintiffs JOHN MARTIN was subjected to the same uniform policies and/or practices that affected all such employees.

53. Throughout the statutory period, SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies and/or practices resulted in said employees not being compensated for all straight time and overtime wages.

54. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices of automatically deducting thirty (30) minutes from its employees for each day worked, regardless of whether the employees were relieved of all duties for thirty (30) minutes, resulted in said employees not being compensated for all earned wages

55. As a result of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies and/or practices of automatic deductions and not paying all wages, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles were not paid the wages owed to them. Thus, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles are owed their earned wages.

56. Throughout the statutory periods, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies of pressuring Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles to not take meal and/or rest breaks.

57. As a result of said uniform policies and/or practices of pressure, Plaintiff and said truck

workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles regularly did not take meal and/or rest periods and/or worked during meal and/or rest periods.

58. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices of discouraging Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles from taking meal and/or rest periods.

59. As a result of said uniform policies and/or practices of discouragement, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles regularly did not take meal and/or rest periods and/or worked during meal and/or rest periods.

60. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices encouraging Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles of working during meal and/or rest periods.

61. As a result of said uniform policies and/or practices of encouraging Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles to work during rest periods, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles did not take meal and/or rest periods and/or worked during meal and/or rest periods.

62. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices of impeding Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles from

taking meal and/or rest periods.

63. As a result of said uniform policies and/or practices of impeding Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles from taking rest periods, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles did not take meal and/or rest periods and/or worked during meal and/or rest periods.

64. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices of not satisfying its obligation to authorize and permit rest periods and/or provide meal periods to its employees, including truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles.

65. As a result of said uniform policies and/or practices Defendants and/or DOES had of not satisfying its obligations to authorize and/or permit rest periods, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles regularly either did not receive meal and/or rest periods and/or worked during meal and/or rest periods.

66. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices resulted in said employees not being provided with accurate and itemized wage statements.

67. As a result of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies and/or practices of not providing employees with accurate and itemized wage statements, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles were not provided with accurate and itemized wage statements. Thus, Plaintiff and truck workers, industrial truck workers, industrial

truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles are owed appropriate penalties.

68. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had uniform policies and/or practices that resulted in employees not being timely paid all wages owed to them at the time they left SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employ, or were terminated.

69. As a result of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' uniform policies and/or practices of not paying all wages owed at the time of termination, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles were not paid the wages owed to them in a timely manner when they left SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employ or were terminated. Thus, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who left SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employ or were terminated during the statutory period are owed waiting time penalties.

**D.    Adequacy of Representation.**

70. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

71. Plaintiff is ready and willing to take the time necessary to help prosecute this case.

72. Plaintiff has no conflicts that will disallow her to fairly and adequately represent and protect the interests of the members of the class.

73. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

74. Specifically, William Turley, Esq. and David Mara, Esq. are California lawyers in good

standing.

75.  Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

76.  Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

77.  Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

78.  Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

79.  Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, *Brinker v. Superior Court* and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

80.  Mr. Turley and The Turley Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

81.  Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously prosecute this case.

**E.    Superiority of Class Action.**

82.  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, knowingly and intentionally failing to comply with wage

statement requirements, and failing to pay all wages due at termination.

83. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

84. Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

## IV.  CAUSES OF ACTION

**First Cause of Action Against SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES: Failure to Pay All Straight Time Wages**

85. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

86. Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked.

87. Specifically, Defendants and/or DOES have a continuous and consistent policy of clocking-out Plaintiff and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and all members of the Class work through their meal periods.

88. Thus, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES shave/steal earned wages from Plaintiff and each and every member of the Class each and every day they work without a meal period and have time automatically deducted.

89. Defendants and/or DOES throughout the class period had a company-wide policy and procedure of rounding the actual time class members clocked in and out for their shifts to the nearest time quotient Defendants and/or DOES have specified.

90. Defendants and/or DOES rounding policy is not fair and neutral on its face and deprives class members of payment for all hours they are suffered and/or permitted to work during

the class period.

91. Defendants and/or DOES rounding policy is used in a manner that has resulted, over the course of the class period, in class members not being compensated for all time they actually worked.

92. Defendants' pattern, practice and uniform administration of corporate rounding policy as described herein is unlawful and creates an entitlement, pursuant to *Labor Code* § 218, to recovery by Plaintiffs and the members of the Rounding Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

93. Plaintiff and those similarly situated Class members are informed and believe and thereon allege that SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES breached the legal duty to pay full wages to Plaintiff by automatically deducting a portion of the wages earned when Plaintiff and the Class members' actual time records indicated that a meal period was not taken. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES devised an auto-meal deduct practice, manual method, electronic system, payroll system and/or a computer program to edit the actual hours reported by Plaintiff and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day and/or Plaintiff and the Class members were not relieved of all duties. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and Class members. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES also failed to pay for the overtime that was due pursuant to *Labor Code* §§ 510 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A).

94. Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

95. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class members' rights. Plaintiff and the Class members are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial. Plaintiff is also entitled to any penalties allowed by law.

96. As a direct result of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' policy of illegal wage theft, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

97. WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**Second Cause of Action Against SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES: Failure to Pay Overtime**

98. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

99. It is fundamental that an employer must pay its employees for all time worked. *California Labor Code* sections 218 and 218.5 provides a right of action for nonpayment of wages. *Labor Code* section 222 prohibits the withholding of part of a wage. *Labor Code* section

223 prohibits the pay of less than a statutory or contractual wage scale. *Labor Code* section 1197 prohibits the payment of less than the minimum wage. *Labor Code* section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

100.   SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES failed to pay overtime when employees worked over 8 hours per day and when employees worked over 40 hours per week.

101.   Plaintiff and those similarly situated Class members were employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES at all relevant times. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

102.   Defendants and/or DOES throughout the class period had a company-wide policy and procedure of rounding the actual time class members clocked in and out for their shifts to the nearest time quotient Defendants and/or DOES have specified.

103.   Defendants and/or DOES rounding policy is not fair and neutral on its face and deprives class members of payment for all hours they are suffered and/or permitted to work during the class period.

104.   Defendants and/or DOES rounding policy is used in a manner that has resulted, over the course of the class period, in class members not being compensated for all time they actually worked.

105.   Defendants' pattern, practice and uniform administration of corporate rounding policy as described herein is unlawful and creates an entitlement, pursuant to *Labor Code* § 218, to recovery by Plaintiffs and the members of the Rounding Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

106. Plaintiff and those similarly situated Class members are informed and believe and thereon allege that SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES breached the legal duty to pay full wages to Plaintiffs by automatically deducting a portion of the wages earned when Plaintiff's and the Class Members' actual time records indicated that a meal period was not taken. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES devised a computer program to edit the actual hours reported by Plaintiff and the Class Members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class Members. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES also failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, item 3(A).

107. Plaintiff and the Class Members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class Members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class Members. SYSCO

CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by law.

108.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**Third Cause of Action Against SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

109.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

110.   Under *California Labor Code* section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

111.   In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

112.   Under *California Labor Code* section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

113.   SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt

Employees who worked for work periods of more than five (5) consecutive hours. As such, SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' non-exempt employees were required to work well over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

114. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous hours worked.

115. SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not reasonably be completed in their assigned shift, work, and/or route; resulting in Non-Exempt Employees routinely and regularly being forced to eat their meals while driving and/or while working their routes.

116. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not breaking route to take meal periods.

117. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' pressuring Non-Exempt Employees to complete their routes and/or tasks within the rigorous time frames and not take meal breaks.

118. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES

discouraging Non-Exempt Employees from taking meal periods.

119.  Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES impeding Non-Exempt Employees from taking meal periods.

120.  Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES valued productivity over providing meal periods and, because of this, meal breaks were not priorities to SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES.

121.  Because of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' demanding policies on route and/or completion times, Plaintiff and those similarly situated felt that breaking to exercise their rights to take meal periods would sacrifice their jobs with SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES.

122.  Based on SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' demanding route and/or task completion time policies, Plaintiffs and those similarly situated routinely worked through their meal periods, which compromised the health and welfare of, not only Plaintiffs and those similarly situated, but all members of the general public.

123.  Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take a second meal period.

124.  SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES thereby failed to provide an additional thirty (30) minute uninterrupted meal period for Non-Exempt Employees on days where they worked in excess of ten (10) hours.

125.  Failing to provide compensation for such unprovided or improperly provided meal

periods, as alleged above, SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES willfully violated the provisions of *Labor Code* sections 226.7, 512, and IWC Wage Order No. 9.

126. As a result of the unlawful acts of SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to *Labor Code* sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, 9-2001. Plaintiff and the Class he seeks to represent did not willfully waive their right to take meal periods through mutual consent with SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES.

127. WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**Fourth Cause of Action Against SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

128. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

129. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES failed to authorize and permit Non-Exempt Employees to take ten (10) minute rest periods every four (4) hours worked, or major fraction thereof.

130. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES failed to provide ten (10) minute paid rest breaks to Non-Exempt Employees for each four (4) hours worked, or major fraction thereof.

131. In the alternative, SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed within their assigned

1      shift, work, and/or route, resulting in Non-Exempt Employees routinely and regularly

2      being forced to work through their rest periods.

3  132. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL

4      CALIFORNIA, INC. and/or DOES had a pattern and practice of assigning too much

5      work to be completed in too short of time frames, resulting in Plaintiff and those similarly

6      situated not breaking route to take rest periods.

7  133. Because of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s

8      and/or DOES' demanding policies en route and/or task completion times, Plaintiff and

9      those similarly situated felt that breaking to exercise their rights to take rest breaks would

10     sacrifice their jobs with SYSCO CORPORATION and/or DOES.

11 134. Throughout the statutory period, SYSCO CORPORATION's; SYSCO CENTRAL

12     CALIFORNIA, INC.'s and/or DOES' uniform policies and practices resulted in Non-

13     Exempt Employees not receiving rest breaks.

14

15 135. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL

16     CALIFORNIA, INC. and/or DOES valued productivity over providing rest periods and,

17     because of this, rest periods were not priorities to SYSCO CORPORATION; SYSCO

18     CENTRAL CALIFORNIA, INC. and/or DOES.

19 136. Throughout the statutory period, SYSCO CORPORATION's; SYSCO CENTRAL

20     CALIFORNIA, INC.'s and/or DOES' policies promoting productivity subjugated

21     Plaintiff's and those similarly situated's rights to rest periods.

22 137. Based on SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s

23     and/or DOES' demanding route policies, Plaintiff and those similarly situated routinely

24     worked through their rest periods, which compromised the health and welfare of, not only

25     Plaintiff and those similarly situated, but all members of the general public.

26 138. Throughout the statutory period, SYSCO CORPORATION; SYSCO CENTRAL

27     CALIFORNIA, INC. and/or DOES had no policy that advised Plaintiff and those

28     similarly situated of their rights to take an additional rest periods in shifts exceeding ten

1 (10) hours in a day.

2 139. Thus, Plaintiff and those similarly situated had no way of knowing they were to be
3 authorized and permitted a ten (10) minute rest period when working in excess of ten (10)
4 hours a day.

5 140. By its failure to authorize and permit Class Members to take rest periods for every four
6 (4) hours or major fraction thereof worked per day, SYSCO CORPORATION; SYSCO
7 CENTRAL CALIFORNIA, INC. and/or DOES willfully violated provisions of *Labor*
8 *Code* section 226.7 and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001. Plaintiff and
9 the Class Members he seeks to represent did not willfully waive their right to take rest
10 periods through mutual consent with SYSCO CORPORATION; SYSCO CENTRAL
11 CALIFORNIA, INC. and/or DOES.

12 141. As a result of the unlawful acts of SYSCO CORPORATION; SYSCO CENTRAL
13 CALIFORNIA, INC. and/or DOES, Plaintiff and the Class he seeks to represent have
14 been deprived of premium wages in amounts to be determined at trial, and are entitled to
15 recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs,
16 under *Labor Code* sections 226, 226.7, and IWC Wage Orders 9-1998, 9-2000, 9-2001.

17 142. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described
18 below.

19 **Fifth Cause of Action Against SYSCO CORPORATION; SYSCO CENTRAL**
**CALIFORNIA, INC. and/or DOES: Knowing and Intentional Failure to Comply**
20 **with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175;**
21 **IWC Wage Order No. 4; Cal. Code Regs., Title 8, § 11040)**

22 143. Plaintiff and those similarly situated Class members hereby incorporate by reference each
23 and every other paragraph in this Complaint herein as if fully plead.

24 144. *Labor Code* section 226 subdivision (a) requires Defendants and/or DOES to, inter alia,
25 to itemize in wage statements and to accurately report the total hours worked and total
26 wages earned. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC.
27 and/or DOES have knowingly and intentionally failed to comply with *Labor Code*

section 226, subdivision (a), on each and every wage statement provided to Plaintiff JOHN MARTIN and members of the proposed Class.

145.  *Labor Code* section 1174 requires SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 1174. The failure of SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES, and each of them, to comply with *Labor Code* section 1174 is unlawful pursuant to *Labor Code* section 1175.

146.  SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES failed to maintain accurate time records - as required by IWC Wage Order Nos. 9-2001(7), 9-2000(7), 9-1998(7) and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

147.  As a direct result of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' unlawful acts, Plaintiffs and the class they intend to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to *Labor Code* section 226.

148.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Sixth Cause of Action Against SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

149.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

150. Plaintiff JOHN MARTIN terminated his employment with SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES.

151. Whether Plaintiff JOHN MARTIN voluntarily or involuntarily terminated his employment with SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES, Defendants and/or DOES did not timely pay him straight time wages, overtime wages, meal period premiums, and/or rest period premiums, owed at the time of his termination.

152. Numerous members of the Class are no longer employed by SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES. They were either fired or quit SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employ. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES did not pay all timely wages owed at the time of their termination.

153. *Labor Code* section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with *Labor Code* sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

154. SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES failed to pay Plaintiff JOHN MARTIN a sum certain at the time of his termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of *Labor Code* section 203, Plaintiff JOHN MARTIN is entitled to a penalty in the amount of his daily wage, multiplied by thirty (30) days.

155. When Plaintiff and those members of the Class who are former employees of SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES separated from SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' employ, Defendants and/or DOES willfully failed to pay all straight time wages,

1   overtime wages, meal period premiums, and/or rest period premiums owed at the time of

2   termination.

3   156.  SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES'

4   failure to pay said wages to Plaintiff JOHN MARTIN and members of the Class he seeks

5   to represent, was willful in that SYSCO CORPORATION's; SYSCO CENTRAL

6   CALIFORNIA, INC.'s and/or DOES' and each of them knew the wages to be due, but

7   failed to pay them.

8   157.  As a consequence of SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA,

9   INC.'s and/or DOES' willful conduct in not paying wages owed at the time of separation

10  from employment, Plaintiff JOHN MARTIN and members of the proposed Class are

11  entitled to thirty (30) days worth of wages as a penalty under *Labor Code* section 203,

12  together with interest thereon and attorneys' fees and costs.

13

14  158.  WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

15  below.

16  **Seventh Cause of Action Against SYSCO CORPORATION; SYSCO CENTRAL
    CALIFORNIA, INC. and/or DOES: Failure to Reimburse/Illegal Deductions (Lab.
17  Code §§ 221, 2802; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090)**

18  159.  Plaintiff and those similarly situated Class members hereby incorporate by reference each

19  and every other paragraph in this Complaint herein as if fully plead.

20  160.  An employer shall indemnify employees for all necessary expenditures or losses incurred

21  by the employees in direct consequence of the discharge of the employees' duties, or the

22  employees' obedience to the directions of the employer. Further, an employer shall not

23  collect or receive from an employee any part of wages theretofore paid by employer to

24  employee.

25  161.  Defendants and/or DOES have had a continuous policy and/or practice of failing to

26  reimburse and/or indemnify Plaintiffs and the Class members for expenses for company

27  and/or business related purposes.

28

162.   Defendants and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs and the Class Members for expenses incurred as a direct consequence of the discharge of their work duties.

163.   Defendants and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiff and the Class Members for expenses incurred in direct consequence of employees' obedience to the directions of Defendants and/or DOES.

164.   Defendants and/or DOES have had a continuous policy and/or practice of illegally deducting wages, earned bonuses and/or incentives from employees.

165.   Said continuous policy and/or practice of failing to reimburse Plaintiffs and Class Members and deducting wages from employees is illegal under *Labor Code* sections 221, 2802, and Cal. Code Regs. Title 8, section 11090(8).

166.   As a direct result of Defendants' and/or DOES' policy of failing to reimburse Plaintiff and Class Members and deducting wages from employees, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

167.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Eighth Cause of Action Against SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

168.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

169.   SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s and/or DOES' failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited by *California Business and Professions Code*

1  section 17200, et seq.

2  170.  The actions of SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC.

3  and/or DOES in failing to pay Plaintiff and members of the proposed Class in a lawful

4  manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business

5  practices, within the meaning of *California Business and Professions Code* section

6  17200, et seq.

7  171.  Plaintiff is entitled to an injunction and other equitable relief against such unlawful

8  practices in order to prevent future damage, for which there is no adequate remedy at law,

9  and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as

10  members of the general public actually harmed and as a representative of all others

11  subject to SYSCO CORPORATION's; SYSCO CENTRAL CALIFORNIA, INC.'s;

12  and/or DOES' unlawful acts and practices.

13  172.  As a result of their unlawful acts, SYSCO CORPORATION; SYSCO CENTRAL

14  CALIFORNIA, INC. and/or DOES have reaped and continue to reap unfair benefits at

15  the expense of Plaintiff and the proposed Class he seeks to represent. SYSCO

16  CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES should be

17  enjoined from this activity and made to disgorge these ill-gotten gains and restore

18  Plaintiff and the members of the proposed Class pursuant to *Business and Professions*

19  *Code* section 17203. Plaintiff is informed and believes, and thereon alleges, that

20  Defendants and/or DOES are unjustly enriched through their policy of not all wages

21  owed to Plaintiff and members of the proposed class.

22  173.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the

23  proposed class are prejudiced SYSCO CORPORATION's; SYSCO CENTRAL

24  CALIFORNIA, INC.'s and/or DOES' unfair trade practices.

25  174.  As a direct and proximate result of the unfair business practices of SYSCO

26  CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES, and each of

27  them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled

to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the proposed Class as a result of the business acts and practices described herein and enjoining SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES from engaging in the practices described herein.

175.   The illegal conduct alleged herein is continuing, and there is no indication that SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

176.   Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC. and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

177.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below:

///
///
///
///
///
///
///
///
///
///

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages, in an amount according to proof at trial, with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

5. For compensation for all time worked;

6. For compensation for not being provided paid rest breaks;

7. For compensation for not being provided paid meal periods;

8. For compensation for failure to reimburse and/or indemnify;

9. For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

10. For all waiting time penalties owed;

11. That Defendants be found to have engaged in unfair competition in violation of sections 17200 et seq. of the *California Business and Professions Code*;

12. That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to *California Business and Professions Code* sections 17203 and 17204;

13. That an order of specific performance of all penalties owed be issued under *Business and Professions Code* sections 17202;

14. That Defendants be enjoined from continuing the illegal course of conduct alleged herein;

15. That Defendants further be enjoined to cease and desist from unfair competition

1          in violation of section 17200 et seq. of the *California Business and Professions*

2          *Code*;

3      16.  That Defendants be enjoined from further acts of restraint of trade or unfair

4          competition;

5      17.  For attorneys' fees;

6      18.  For interest accrued to date;

7      19.  For costs of suit and expenses incurred herein; and

8      20.  For any such other and further relief as the Court deems just and proper.

9

10   Dated: June 3, 2016                    **THE TURLEY LAW FIRM, APLC**

11

12

13                                         William Turley, Esq.

14                                         Dave Mara, Esq.
                                           Jill Vecchi, Esq.
15                                         Representing Plaintiff JOHN MARTIN
                                           on behalf of himself, all others similarly situated,
16                                         and on behalf of the general public.

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>William Turley, Esq. (122408)<br>The Turley Law Firm, APLC<br>7428 Trade Street<br>San Diego, CA 92121<br>　TELEPHONE NO.: 619-234-2833　　FAX NO.: 619-234-4048<br>ATTORNEY FOR *(Name):* Plaintiff, John Martin | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Stanislaus
STREET ADDRESS: 801 10th Street, 4th Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME:

ELECTRONICALLY FILED
Superior Court of California
County of Stanislaus
2016-Jun-08  10:06:12
CLERK OF THE COURT
9000052
By: Laura Uribe

CASE NAME:
John Martin v. Sysco Corporation; Sysco Central California, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✔ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**　☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 9000052 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>　condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ✔ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✔ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties　　d. ✔ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel　　e. ☐ Coordination with related actions pending in one or more courts
   　　issues that will be time-consuming to resolve　　　　　in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence　　f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ✔ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 8, 2016
William Turley, Esq.
　(TYPE OR PRINT NAME)　　　　　　　▶　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER)<br>William Turley, Esq. (122408)<br>The Turley Law Firm, APLC<br>7428 Trade Street<br>San Diego, CA 92121<br><br>Attorney for: John Martin | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Stanislaus<br>2016-Jun-07  11:56:24<br>CLERK OF THE COURT<br>9000052<br>This case has been assigned to<br>Judge ROGER M BEAUCHESNE<br>Department 24,<br>for all purposes including trial<br>Filing Fees: $1,435.00<br>By: Laura Uribe |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
Street Address:   City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354
Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA  95354

Plaintiff/Petitioner: John Martin
Defendant/Respondent: Sysco Corporation; Sysco Central California, Inc.

| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER<br>9000052 |
|---|---|

1.  NOTICE is given that a **Case Management Conference** has been scheduled as follows:

    Date:_____10/11/2016_____Time:_____8:30_____AM/~~PM~~

This case is assigned to Judge __ROGER M. BEAUCHESNE__, Dept __24__, for all purposes,
including trial.

*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354

*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354

**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

..............................................................................................................................................

**You have 30 calendar days to file a written response with this court after the legal papers and the summons
were served on you.  You must also serve a copy of your written response on the plaintiff.**

2.  You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days**
    before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management
    conference.

4.  At the case management conference the Court may make pretrial orders, including the following:

    a.  An order establishing a discovery schedule.

    b.  An order referring the case to arbitration.

    c.  An order dismissing fictitious defendants.

    d.  An order scheduling exchange of expert witness information.

    e.  An order setting subsequent conferences and the trial date.

    f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: 06/07/2016         by _____ Deputy Clerk
                                                    LAURA URIBE

| CV003<br>Mandatory<br>Form | **–SANCTIONS–**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case<br>management conference or participate effectively in the conference, the court may impose<br>sanctions (including dismissal of the case, striking of the answer, and payment of money). | 11/10 |
|---|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| William Turley, Esq. (122408)<br>The Turley Law Firm, APLC<br>7428 Trade Street<br>San Diego, CA 92121<br><br>Attorney for:  John Martin | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Stanislaus<br>2016-Jun-07  11:56:24<br>CLERK OF THE COURT<br>9000052<br>This case has been assigned to<br>Judge ROGER M BEAUCHESNE<br>Department 24,<br>for all purposes including trial<br>Filing Fees: $1,435.00<br>By: Laura Uribe |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
Street Address:    City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354
Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA 95354

Plaintiff/Petitioner: **John Martin**
Defendant/Respondent: **Sysco Corporation; Sysco Central California, Inc.**

| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER<br>9000052 |
|---|---|

1.  NOTICE is given that a **Case Management Conference** has been scheduled as follows:

   Date:_____10/11/2016_____  Time:_____8:30_____ AM/~~PM~~

This case is assigned to Judge   **ROGER M. BEAUCHESNE** , Dept ___24___ , for all purposes,
including trial.

   *Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354

   *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354
   **All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

..................................................................................................................................

   **You have 30 calendar days to file a written response with this court after the legal papers and the summons
   were served on you.  You must also serve a copy of your written response on the plaintiff.**

2.  You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days**
   before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management
   conference.

4.  At the case management conference the Court may make pretrial orders, including the following:

   a.  An order establishing a discovery schedule.

   b.  An order referring the case to arbitration.

   c.  An order dismissing fictitious defendants.

   d.  An order scheduling exchange of expert witness information.

   e.  An order setting subsequent conferences and the trial date.

   f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: 06/07/2016        by _____ Deputy Clerk
                                                    LAURA URIBE

| | |
|---|---|
| CV003<br>Mandatory<br>Form | **--SANCTIONS--**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case<br>management conference or participate effectively in the conference, the court may impose<br>sanctions (including dismissal of the case, striking of the answer, and payment of money). |

11/10

| | |
|---|---|
| *Case Name:* | **John Martin v. Sysco Corporation; Sysco Central California, Inc.; and Does 1-100** |
| *Court:* | **Stanislaus County Superior Court** |
| *Case Number:* | **9000052** |

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of:  San Diego, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 7428 Trade Street San Diego, CA 92121

On June 10, 2016, I served the foregoing document(s) described as:

**COMPLAINT**

**CIVIL CASE COVER SHEET**

**SUMMONS**

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**ADR PACKET**

On interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Corporation Service Company which will do
Business in California as CSC – Lawyers
Incorporating Service
2710 Gateway Oaks Drive, Ste 150N
Sacramento, CA 95833

[]   **(BY UNITED STATES MAIL)** On, I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses named above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

[]   **(BY FAX)** In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addresses named above. No error was reported by the fax machine that I used.

[]   **(BY E-MAIL)** On, I caused the documents to be sent to the persons at the electronic notification addresses of the parties named above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[XX]   **(BY PERSONAL SERVICE)** On June 10, 2016, in addition to service methods listed above (if any), the above documents were delivered to the above recipients via personal

PAGE 1 OF 2

delivery.

[]     **(BY UPS OVERNIGHT DELIVERY)** On, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses named above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[XX]    **(DECLARATION)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: June 10, 2016

Scott Kim

**PAGE 2 OF 2**



*SUPERIOR COURT OF CALIFORNIA*
*COUNTY OF STANISLAUS*
801 10th Street 4th Floor
Modesto, CA 95354
ADR clerk: (209) 530-3191
www.stanct.org

# Alternative Dispute Resolution Information Packet

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Stanislaus, strongly encourages parties in general civil cases to explore and pursue the use of Alternative Dispute Resolution.

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called "neutrals", resolve disputes or help parties resolve disputes themselves. The types of ADR options available are:

- Arbitration
- Mediation
- Neutral Evaluation

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, Stanislaus County Superior Court offers Mediation and Arbitration.

## What are the advantages of using ADR?

- **ADR can save time (FASTER).** Even in complex cases, a dispute can often be resolved in a matter of months, even weeks through ADR, while a lawsuit can take years.
- **ADR can save money (CHEAPER).** By resolving cases earlier, ADR can save parties money that might otherwise be spent on litigation costs (court, attorney and expert witness fees).
- **ADR encourages participation.** Parties have the opportunity to work together, rather than against each other by expressing their own interest and concerns to resolve the dispute.
- **ADR provides control and flexibility.** Parties can choose the ADR method most appropriate for their situation that will best serve their needs.
- **ADR can provide greater satisfaction and improved outcomes.** Surveys indicate that people who have used ADR are more satisfied than people who went through traditional litigation. The ADR atmosphere encourages cooperation and communication rather than the adversarial atmosphere found in litigation.

## ADR may not be suitable for every dispute and may not be to your advantage.

- The neutral will charge a fee for their services if the dispute is not resolved within the allotted time.
- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in the ADR process.
- If a dispute is not resolved through ADR, the parties may still have to put time and money into a lawsuit.

## What are my ADR Options?

Stanislaus County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas. It is the policy of the Superior Court of California that all parties are required to meet-and-confer with the opposing side before the Case Management Conference pursuant to rule 3.724 of the California Rules of Court.

### ❖ ARBITRATION

In arbitration, a neutral person called an "arbitrator" presides at the hearing. The arbitrator hears arguments, makes legal rulings, and evaluates the evidence determining the facts from each side. The arbitrator applies the law to the facts of each case and makes an award based upon the merits. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with the California statutes. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. These hearings are not held in court.

1. _Binding arbitration_ means that the parties waive their right to a trial and agree to accept the arbitrator's final decision. Generally, there is no right to appeal an arbitrator's decision.
2. _Non-Binding arbitration_ means that the parties are free to request a trial with the court if they do not accept the arbitrator's decision.

**Cases for which Arbitration may be appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial. It may also be appropriate for complex matters.

**Operation/Court Policy.** Pursuant to Code of Civil Procedures § 1141.11, all civil actions in which the amount in controversy will not exceed $50,000 shall be submitted to arbitration. A case is ordered to arbitration after the Case Management Conference. The neutral is chosen from the Courts approved panel, located on our website at www.stanct.org.

**Cost.** There is no cost to the parties for judicial arbitration. [Local Rule 3.07 (1)]

### ❖ MEDIATION

In mediation, a neutral person called a "mediator" facilitates communication among parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution. Mediation is a voluntary, informal and confidential process held out of court.

**Cases for which Mediation may be appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. If family members, neighbors or business partners have a dispute, mediation may be the best process to use.

**Operation/Court Policy.** All parties to a dispute may voluntarily agree to submit their case to mediation, either through a court appointment or through a private arrangement. A list of neutral providers who are trained and experienced have been reviewed and approved by the Court. The list can be found at www.stanct.org. Litigants are not limited to a mediator on the court list and may select any mediator agreed upon by all the parties in private mediation. A mediation provider need not be an attorney.

1. _Private Mediation._ Parties to a civil action can agree to mediate their dispute with a mediator of their choice without court assistance.
2. _Court Mediation._ Upon stipulation of the parties, the parties may either personally select their mediator from the court approved list of neutrals or request the court to make the selection from the said list. The court will confirm the selected mediator and notice parties by mail.

**Cost.** Generally the cost of _private mediation_ ranges from $100-$300 per hour and is shared equally by the parties. The cost of _court mediation_ is $400 total ($200 per side) for the first two hours. In the event that mediation extends beyond two hours and parties determine it would be beneficial to continue the mediation process, the parties will independently be responsible for compensating the mediator in an amount set by the mediator.

### ❖ Additional Information

Under the Dispute Resolution Program Act (DRPA) funding, the court partners with Stanislaus County Mediation Center to provide free mediation services to litigants in small claims matters and cases involving unlawful detainer. For more information on the specific ADR programs of the Stanislaus County Superior Court, please review the Local Rules available on the Court's website at **www.stanct.org**.

STAN-100

| ATTORNEY FOR PLAINTIFF *(name, bar card, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
   MAILING ADDRESS:  801 10TH STREET, 4TH FLOOR
   CITY AND ZIP CODE:  MODESTO, CA 95354
   BRANCH NAME:  MODESTO

CASE NAME:

| **STIPULATION AND ORDER TO ADR** | CASE NUMBER: |
|---|---|

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following alternative dispute resolution process:

☐ Voluntary Mediation          ☐ Private Arbitration
☐ Private Mediation            ☐ Neutral Evaluation
☐ Judicial Arbitration         ☐ Voluntary Mediation in lieu of Judicial Ar-
                                   bitration

---

**This box is to be filled out for or Voluntary Mediation and Neutral Evaluation only.**

In accordance with Stanislaus County Rule of Court 3.10(D)(4) and 3.11(C)(2) this form must be signed by the agreed upon mediator or neutral-evaluator.  If both parties agree the court will select a mediator for the case.

☐ It is Stipulated that _____ (name of mediator/neutral evaluator) shall serve as the neutral for this case.

_____     _____
Signature of Neutral                Date

☐ It is Stipulated that the Court select a mediator for this case.

• For Voluntary Mediation this form must be completed and returned with $400 ($200 from the plaintiffs and $200 from the defendants).

---

► _____     ► _____
         (PLAINTIFF)                          (DEFENDANT)

_____       _____
(SIGNATURE)            (DATE)          (SIGNATURE)            (DATE)
► _____     ► _____
     (PLAINTIFF'S ATTORNEY)               (DEFENDANT'S ATTORNEY)

_____       _____
(SIGNATURE)            (DATE)          (SIGNATURE)            (DATE)

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC;
and DOES 1-100

ELECTRONICALLY FILED
Superior Court of California
County of Stanislaus
2016-Jun-07  11:56:24
CLERK OF THE COURT
9000052
This case has been assigned to
Judge ROGER M BEAUCHESNE
Department 24,
for all purposes including trial
Filing Fees: $1,435.00

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN MARTIN on behalf of himself, all others similarly situated, and
on behalf of the general public

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanislaus<br>801 10th Street, 4th Floor<br>Modesto, CA 95354 | **CASE NUMBER:**<br>*(Número del Caso):*<br>9000052 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./ The Turley Law Firm, APLC, 7428 Trade Street, San Diego, CA 92121

| **DATE:**<br>*(Fecha)* 06/07/2016 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

LAURA URIBE

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Sysco Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC;
and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN MARTIN on behalf of himself, all others similarly situated, and on behalf of the general public

ELECTRONICALLY FILED
Superior Court of California
County of Stanislaus
2016-Jun-07  11:56:24
CLERK OF THE COURT
9000052
This case has been assigned to
Judge ROGER M BEAUCHESNE
Department 24,
for all purposes including trial
Filing Fees: $1,435.00

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Stanislaus <br> 801 10th Street, 4th Floor <br> Modesto, CA 95354 | **CASE NUMBER:** <br> *(Número del Caso):* <br> 9000052 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./ The Turley Law Firm, APLC, 7428 Trade Street, San Diego, CA 92121

**DATE:**
*(Fecha)* 06/07/2016

Clerk, by
*(Secretario)* **LAURA URIBE**, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Sysco Central California, Inc.
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*