MARGARET ROSENTHAL, SBN 147501
SABRINA L. SHADI, SBN 205405
JEFFREY C. BILS, SBN 301629
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:    mrosenthal@bakerlaw.com
          sshadi@bakerlaw.com
          jbils@bakerlaw.com

Attorneys for SYSCO CORPORATION
and SYSCO CENTRAL CALIFORNIA, INC.

FILED
2016 JUL 11 P 12: 20
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY_____
LAURA URIBE   DEPUTY

FILED BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF STANISLAUS

| | |
|---|---|
| JOHN MARTIN, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SYSCO CORPORATION; SYSCO CENTRAL CALIFORNIA, INC.; and DOES 1-100,<br><br>Defendants. | Case No.: 9000052<br><br>[The Honorable Roger M. Beauchesne]<br><br>**ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**<br><br>Dept. 24<br>Action Filed:    June 7, 2016 |

SYSCO CORPORATION and SYSCO CENTRAL CALIFORNIA, INC. (collectively, "Defendants") answer the unverified complaint ("Complaint") of John Martin ("Plaintiff") as follows:

### GENERAL DENIAL

By virtue of the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendants deny each and every allegation contained in the Complaint and further deny that Plaintiff or any putative class members have been damaged or injured in the amount or manner alleged, or at all. Defendants also deny that they are liable to Plaintiff or any putative class member in any amount or manner whatsoever.

ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

Defendants assert and allege each of the following affirmative defenses set forth below.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Each purported cause of action in the Complaint fails to include facts sufficient to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Action is Not a Proper Class)**

2. Any recovery on the class allegations of the Complaint is barred because Plaintiff has failed to identify a proper class of plaintiffs. Additionally, Plaintiff is not an adequate representative of any putative class of plaintiffs; his claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; and/or a class action is neither manageable nor superior.

### THIRD AFFIRMATIVE DEFENSE

**(Good Faith)**

3. Each purported cause of action in the Complaint is barred, in whole or in part, because Defendants and their agents acted in good faith at all times.

### FOURTH AFFIRMATIVE DEFENSE

**(Release)**

4. Each of the purported causes of action in the Complaint have been released by Plaintiff and/or members of the putative class.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

5. Each purported cause of action in the Complaint is barred, in whole or in part, to the extent that Plaintiff and/or putative class members have failed to take all reasonable and necessary care and diligence to mitigate the damages alleged.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6. Each purported cause of action in the Complaint is barred, in whole or in part, because Plaintiff and/or putative class members consented to the alleged improper conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

7. Defendants are entitled to setoff against any amount awarded to Plaintiff and/or putative class members in this action for: (1) all overpayments of compensation, if any, to Plaintiff and/or putative class members; (2) other sums that Plaintiff and/or putative class members received during the course of their respective employment with Defendants to which they were not entitled, if any; and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiff and/or any putative class member.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. Each purported cause of action alleged in the Complaint is barred, in whole or in part, by the equitable doctrine of laches inasmuch as Plaintiff has inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Duplicative Recovery)

9. Recovery of damages, penalties, and/or other remedies based on the second, fifth, and sixth causes of action in the Complaint are barred, in whole or in part, to the extent they are derivative of other allegations contained in the complaint and would lead to impermissible duplicative recovery.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver and Estopped As to All Causes of Action)

10. Plaintiff, by his own actions, has waived, in whole or in part, each purported cause of action alleged in the Complaint and is now estopped from bringing such causes of action.

ANSWER TO COMPLAINT:

### ELEVENTH AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

11. Any potential recovery by Plaintiff or any putative class member is barred or, at a minimum, limited by the doctrine of avoidable consequences.

### TWELFTH AFFIRMATIVE DEFENSE

### (Not a Proper Party)

12. Plaintiff's claims against defendant Sysco Corporation fail as a matter of law because Sysco Corporation was not Plaintiff's employer or the employer of the putative class members.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver of Meal Periods and/or Rest Periods)

13. Each purported cause of action in the Complaint is barred, in whole or in part, because Plaintiff and/or putative class members waived their entitlement to meal periods and/or rest periods.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (De Minimis)

14. The claims of Plaintiff and/or the putative class members fail in whole or in part under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

15. Plaintiff and the putative class members are precluded from recovering penalties and/or liquidated damages from Defendants to the extent such remedies would violate Defendants' due process under the California and United States Constitutions.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Future Defenses)

16. Defendants reserve the right to amend this pleading to include further affirmative defenses.

- 4 -

1  WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

2  (a) For an Order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Defendants.

3  (b) For all reasonable costs and attorneys' fees incurred by Defendants in connection with the defense of this matter; and

4  (d) For such other relief as the Court in the exercise of its discretion deems just and proper.

Dated: July 11, 2016

Respectfully submitted,

BAKER & HOSTETLER LLP

By: _____
Margaret Rosenthal
Sabrina L. Shadi
Jeffrey C. Bils

Attorneys for SYSCO CORPORATION and SYSCO CENTRAL CALIFORNIA, INC.

# PROOF OF SERVICE

I, Hien Tran, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120. On **July 11, 2016**, I served a copy of the within document(s): **ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐ by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

William Turley, Esq.                              *Attorney for Plaintiff*
David Mara, Esq.
Jill Vecchi, Esq.
**THE TURLEY LAW FIRM, APC**
7428 Trade Street
San Diego, CA 92121
Telephone:  (619) 234-2833
Facsimile:   (619) 234-4048
Emails:         bturley@turleylawfirm.com
                    dmara@turleylawfirm.com
                    jvecchi@turleylawfirm.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 11, 2016** at Los Angeles, California.

_____
Hien Tran

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE