# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SYSCO CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00990-DAD-SAB<br><br>ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>ORDER VACATING HEARING ON OCTOBER 11, 2017 |

On September 12, 2017, Plaintiff John Martin ("Plaintiff") filed a motion to compel Defendant Sysco Central California, Inc. ("Defendant") to produce further responses to Plaintiff's interrogatories and requests for production of documents. (ECF No. 17.) On September 19, 2017, the Court entered the parties' stipulated protective order. (ECF No. 19.) On September 28, 2017, the Court continued the hearing on Plaintiff's motion to compel to October 11, 2017. (ECF No. 25.) The parties filed a joint statement re discovery disagreement on October 4, 2017. (ECF No. 26.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the matter is taken under submission. The previously scheduled hearing set for October 11, 2017, is vacated and the parties will not be required to appear at that time.

For the reasons set forth below, Plaintiff's motion to compel is partially granted.

# I.
# BACKGROUND

On June 7, 2016, Plaintiff filed a complaint against Defendants Sysco Corporation and Sysco Central California, Inc. in Stanislaus County Superior Court. (ECF No. 1-1 at 1-46.) This action was removed from Stanislaus County Superior Court by Defendants Sysco Corporation and Sysco Central California, Inc. on July 11, 2016. (ECF No. 1.) Plaintiffs raise claims on behalf of a proposed class of non-exempt current and former truck workers, truck drivers, drivers, and other similar job designations of Defendants who performed uncompensated work. Plaintiffs raise nine causes of action: 1) for failing to pay full wages, 2) for failing to pay overtime, 3) for failing to provide meal periods or compensation in lieu thereof, 4) for failing to permit rest periods, 5) for failing to comply with itemized employee wage statement provisions, 6) for failing to pay all wages due at the time of termination, 7) for failing to reimburse and/or indemnify for expenses incurred and for illegally deducting wages, and 8) for violation of California Business and Professions Code § 17200, et seq.

Plaintiff was employed by Defendants as a non-exempt truck worker, industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker, and/or any similar job designation. Plaintiff alleges that he was subjected to the same uniform policies and/or practices that affected all such employees.

On September 20, 2016, the Court issued a pretrial scheduling order for the first phase of this action, which relates to class certification. (ECF No. 8.) The Court ordered Plaintiff to file a motion for class certification no later than August 4, 2017, but this deadline has been amended to December 18, 2017. (ECF Nos. 8, 22.)

# II.
# LEGAL STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General*.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a

> certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37.

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The December 2015 amendment to Rule 26 was to restore the proportionality factors in defining the scope of discovery. See Advisory Committee Notes to Rule 26(b)(1) 2015 Amendment. Under the amended Rule 26, relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case. In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc., 437 U.S. at 351. Discovery is designed to help define and clarify the issues. Id. Although relevancy is broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

## III.

## DISCUSSION

The parties have met and conferred and narrowed the scope of this discovery disagreement to interrogatories 1-4. Interrogatory 1 seeks the names, job titles, last known addresses, telephone numbers, and email addresses of the putative class members for the relevant

1 time period. Interrogatory 2 seeks the number of putative class members currently employed by Defendant. Interrogatory 3 seeks the number of putative class members that had their employment with Defendant or subsidiary of, or related entity[1] terminated—either voluntarily or involuntarily—from June 7, 2013, to present. Interrogatory 4 seeks the number of putative class members Defendant employed during the relevant time period.

Defendant states that it provided responses to interrogatories 1-4 relating to the Modesto facility where Plaintiff worked during his employment with Defendant.[2] Therefore, the only issue for the Court to determine is whether Defendant should have to produce responses to interrogatories 1-4 regarding Defendant's facilities other than the Modesto facility. Defendant argues that it is unreasonable for Defendant to have to produce information for the all current and former drivers of Defendant when Plaintiff only worked out of the Modesto facility and he has not made any showing that his claims are common to a broad class of drivers who have worked for Defendant during the class period. Defendant contends that Plaintiff's allegations concerning other facilities are mere speculation and that Plaintiff has failed to produce any declarations, testimony, or documents that would warrant expanding the scope of discovery beyond the Modesto facility. Defendant asserts that Plaintiff's allegations do not justify invading the privacy rights of Defendant's employees absent a showing that Plaintiff has some reasonable basis to prove that his allegations are typical rather than individual. Defendant admits that Plaintiff has entered into a protective order regarding the discovery at issue.

In federal court, the scope of pre-certification discovery lies entirely within the discretion of the court. Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009). The Ninth Circuit has held that a plaintiff bears the burden of either making a prima facie showing that Rule 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations, and that absent this showing, it is not an abuse of

---

[1] Plaintiffs defined the term "you" as Defendant Sysco Central California, Inc. or any other subsidiary of, or related entity to Sysco Central California, Inc. agents, employees, insurance companies, agents, representatives, attorneys, accountants, consultants, investigators, and any other person or entity acting on Defendant's behalf.

[2] Defendant stated that it would provide the contact information in response to interrogatory 1 relating to the Modesto facility no later than October 5, 2017.

4

discretion to refuse to allow class discovery. Manolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).

To make a prima facie showing under Rule 23(a) of the Federal Rules of Civil Procedure a plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Plaintiff must show "(1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class." Ogden v. Bumble Bee Foods, LLC, 292 F.R.D. 620, 622 (N.D. Cal. 2013) (internal punctuation and citation omitted).

As an initial matter, the Court finds that the requested discovery is relevant for class certification purposes. In Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981), the Supreme Court held that class counsel in Rule 23 class actions must be permitted to communicate with potential class members prior to class certification for the purpose of notification and information gathering. Id. at 101-02. Disclosure of contact information for putative class members is a common practice in the class action context. See, e.g., Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011) (and cases cited therein). Interviews with potential class members are clearly useful in establishing the class action factors. In addition, information regarding how many putative class members are currently employed, have had their employment terminated, and were employed during the relevant time period is relevant to numerosity.

Defendant argues that discovery should be limited to individuals who worked at the same facility as Plaintiff, the Modesto facility. Defendant argues that Plaintiff has broadly defined the proposed class in this action as all drivers of Defendant yet has made no demonstration that the legal issues presented in the complaint extended beyond Plaintiff's own facility, the Modesto facility.

As noted above, at the pre-certification stage, Plaintiff bears the burden of either making a prima facie showing that Rule 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations. Manolete v. Bolger, 767 F.2d 1416,

5

1424 (9th Cir. 1985). Courts commonly limit the scope of discovery in class actions in the employment context to the location where the named plaintiffs worked unless plaintiffs come forth with some evidence that the violations alleged implicated company-wide policies that extended beyond the individual plaintiff's location. See, e.g., Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 505-506 (C.D. Cal. 2011).

Here, Plaintiff alleges that he was employed by Defendants as a non-exempt truck worker, industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker, and/or any similar job designation. Plaintiff alleges that he was subjected to the same uniform policies and/or practices that affected all such employees.

At this stage, Plaintiff has not demonstrated precisely how the violations alleged in his complaint are occurring or submitted evidence of a company-wide policy causing these violations. Accordingly, it is unclear at this stage whether the incidents alleged are isolated incidents, whether they are limited to particular managers or supervisors, or whether they are caused by a systemic policy issue across all of Defendant's operations.

The common theme throughout all of the caselaw cited by both Plaintiff and Defendant is that the Court has discretion in controlling the scope of pre-certification discovery to balance a plaintiff's need for discovery to substantiate his class allegations and concerns regarding overly burdensome discovery requests directed on a defendant in situations where a plaintiff is making a blind shot in the dark hoping to find evidence supporting speculative claims.

In considering the privacy rights of the employees' contact information, the right to privacy at issue here is a recognized state privilege in a federal action based upon diversity jurisdiction. See Hill v. Eddie Bauer, 242 F.R.D. 556, 563 (C.D. Cal. 2007). In California, the right to privacy is set forth in Article I, Section I of the California Constitution. California state courts have adopted special procedures regarding the pre-certification disclosure of personal information of putative class members. In Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554, 561 (2007), the court acknowledged that "[t]he contact information for . . . current and former employees deserves privacy protection." In order to protect employee privacy, the court adopted an opt-out procedure, whereby employees would receive written

notice of the putative class action and the fact that the plaintiffs were seeking their personal contact information. Id. at 557, 562. Employees could send written notice that they do not want their contact information shared with the plaintiffs' attorneys. Id. Federal courts applying California law have adopted the Belaire-West opt-out procedure in employment class actions. See Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 512 (C.D. Cal. 2011); Murphy v. Target Corp., No. 09CV1436-AJB (WMc), 2011 WL 2413439, at *4 (S.D. Cal. Jun. 14, 2011).

In balancing the relevance and proportionality requirements of Rule 26, the Court will give Plaintiff the opportunity to substantiate his claims while still recognizing that he has only alleged what appears at this stage to be speculative class allegations not yet supported by any solid evidence. As stated above, Defendant has already produced responses to interrogatories 1-4 relating to the Modesto facility where Plaintiff worked during his employment with Defendant. The Court will permit a limited sampling of discovery regarding identities and contact information for employees of facilities other than the Modesto facility.

The Court will require Defendant to provide a sampling of contact information for 20 percent of non-exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, and industrial workers that fall within the putative class at each of Defendant's California facilities. The Court finds that "any similar job designation" is a vague term, and therefore, the Court limits the discovery responses to the specific listed job titles. Considering the privacy interests of the affected individuals, a Belaire-West opt-out notice shall be sent to affected individuals before any information is disclosed. The Court will leave the logistics of selecting the sample to the parties.[3]

The Court also finds that when considering the relevance and proportionality requirements of Rule 26, Defendant should produce responses to interrogatories 2-4, which ask Defendant to indicate the number of putative class members currently employed by Defendant, the number of putative class members that had their employment with Defendant or subsidiary of, or related entity terminated—either voluntarily or involuntarily—from June 7, 2013, to

---

[3] The Court notes that the parties should consider any future discovery requests when determining the language for the Belaire-West notice so that the parties do not incur unnecessary costs in the future.

7

present, and the number of putative class members Defendant employed during the relevant time period, for non-exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, and industrial workers that fall within the putative class. As stated above, the Court finds that "any similar job designation" is a vague term, and therefore, the Court limits the discovery responses to the specific listed job titles.

If, and only if, Plaintiff uncovers evidence of company-wide violations, the Court will leave the door open to allow Plaintiff to request broader discovery of putative class members' contact information based upon such evidence. However, at this time, discovery of the putative class members' contact information will be limited to a sampling of Defendant's employee base based upon the limitation above.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court will order Defendant to provide additional responses to Plaintiff's interrogatories. It is HEREBY ORDERED that:

1. Plaintiff's motion to compel is PARTIALLY GRANTED:
   a. Defendant shall provide responses to interrogatory 1 for 20 percent of the non-exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, and industrial workers at each of Defendant's facilities in California. A <u>Belaire-West</u> opt-out notice shall be sent to affected individuals before any information is disclosed;
   b. Defendant shall provide responses to interrogatories 2, 3, and 4 for all of Defendant's facilities in California for non-exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, and industrial workers;
2. Responses to interrogatories 2, 3, and 4 shall be produced within thirty (30) days of the date of this order unless leave of Court is granted for an extension of time based upon good cause;
3. Responses to interrogatory 1 shall be produced within fifteen (15) days of the

deadline to return the Belaire-West notices; and

4. The hearing on the motion to compel set for October 11, 2017, is VACATED.

IT IS SO ORDERED.

Dated: **October 9, 2017**

_____
UNITED STATES MAGISTRATE JUDGE