**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00990-DAD-SAB<br><br>ORDER CONTINUING THE HEARING ON THE MOTION TO COMPEL DEFENDANT SYSCO CORPORATION'S RESPONSES (ECF No. 29) TO NOVEMBER 22, 2017, AT 10:00 A.M.<br><br>ORDER REGARDING MOTIONS TO COMPEL |

On November 1, 2017, Plaintiff John Martin ("Plaintiff") filed a motion to compel Defendant Sysco Central California, Inc. ("Sysco Central California") to produce further responses to requests for production of documents, which Plaintiff set for hearing on November 22, 2017. (ECF No. 28.) On November 1, 2017, Plaintiff also filed a motion to compel Defendant Sysco Corporation ("Sysco Corporation") to produce documents and responses to Plaintiff's interrogatories and requests for production of documents, which Plaintiff set for hearing on November 15, 2017.[1] (ECF No. 29.)

In the interest of judicial efficiency, the hearing on Plaintiff's motion to compel Sysco Corporation to produce documents and responses to Plaintiff's interrogatories and requests for production of documents (ECF No. 29) shall be continued from November 15, 2017, to November 22, 2017, at 10:00 a.m. before the undersigned in Courtroom 9.

The Court recognizes that Local Rule 251(e) provides for an exception to the required joint statement for motions to compel where there has been a complete and total failure to

---
[1] The Court notes that the docket text indicates that this motion is set for November 22, 2017, but the caption of the motion and the body of the motion indicate that the hearing is on November 15, 2017.

1

respond to a discovery request or order. However, here, the parties shall file a joint statement for both motions to compel (ECF Nos. 28 & 29) on or before November 15, 2017, which complies with the procedures outlined below, including the requirement to meet and confer. The parties shall not file a response and reply pursuant to Local Rule 251(e).

Pursuant to Rule 251 of the Local Rules of the United States District Court, Eastern District of California, prior to having a discovery motion heard, the parties are required to meet and confer in an attempt to resolve their differences. This Court does require that the parties attempt to resolve the dispute in person or by telephone. Written attempts are not sufficient for the meet and confer requirement.

If the parties are able to resolve the dispute, the moving party shall notify the Court as soon as practicable so the matter may be taken off of the Court's calendar. If the parties are unable to resolve the dispute, they are required to file a joint statement re discovery disagreement in compliance with Rule 251(c) or the moving party should file an affidavit in compliance with Rule 251(d). In addition, the parties are advised of the following:

1. Any issues that have been resolved should not be included in the joint statement. In other words, the parties should only include those issues which remain in dispute in their joint statement.

2. The Court will not address an issue which the parties have agreed to resolve during the meet and confer attempts, but the time to respond is still pending. If the parties need additional time to resolve the issues, a stipulation for a continuance of the hearing date should be filed at least 3 days prior to the hearing.

3. In the joint statement of discovery dispute, the parties shall address the proportionality of the discovery requested. See Fed. R. Civ. P. 26(b)(1).

4. The party that is seeking to compel discovery has the burden of establishing that its request satisfies relevancy requirements. The Court does require the party seeking discovery to address why the requested information is relevant in the action. See Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276, 281 (N.D. Cal. 2015).

5. The party opposing the discovery bears the burden of showing that discovery

should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence. See Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Boilerplate, generalized objections are inadequate and will be met with a boilerplate order overruling those objections. Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999). The parties are required to state objections with specificity and provide legal argument, including citations to relevant legal authority, in support of the objection in the joint statement.

The failure to comply with Rule 251 and this order will result in the denial of the motion. Further, the Court will not find good cause to extend the discovery deadlines due to the failure to comply with Rule 251 or this order.

Finally, the parties are advised that they may use the Court's informal discovery dispute procedures here to resolve the instant dispute. Information on the informal discovery dispute procedures is available at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there is a link to "Discovery Dispute Procedures." However, they must fully comply with the court's informal discovery dispute process. If they choose to proceed in this fashion, the parties will need to file a stipulation withdrawing these motions and agreeing to the informal discovery process at which time the Court will provide an earlier date and time and a time when the parties are required to file their joint statement of dispute consistent with the informal guidelines (usually 24 hours prior to the informal hearing). The parties are reminded that the Court does not impose sanctions as part of the informal discovery dispute process, unless a party fails to comply with the informal procedures.

//
//
//
//
//
//

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel Sysco Corporation to produce documents and responses to Plaintiff's interrogatories and requests for production of documents (ECF No. 29) shall be continued from November 15, 2017, to November 22, 2017, at 10:00 a.m. before the undersigned in Courtroom 9. The parties shall file a joint statement for both motions to compel (ECF Nos. 28 & 29) on or before November 15, 2017, which complies with the procedures outlined in this order, including the requirement to meet and confer.

IT IS SO ORDERED.

Dated: __**November 2, 2017**__

UNITED STATES MAGISTRATE JUDGE